# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ABERNATHY, #M01377, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-01062-NJR<br>) |
| MYERS and BROWN, | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management following transfer of this action from the United States District Court, Central District of Illinois. (*See* Doc. 63)

Plaintiff Edward Abernathy, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his First Amended Complaint, Abernathy alleges that he suffers from hearing loss and bodily pain that he believes are symptoms of dementia. (Doc. 35). Abernathy alleges that M.D. Myers and C. Brown have provided inadequate treatment for these conditions and that they have not adequately tested him for dementia. (*Id.*). Following review pursuant to 28 U.S.C. § 1915A, Abernathy was allowed to proceed on a claim for deliberate indifference to a serious medical need against Myers and Brown. (Doc. 42).

At this time, there are two pending motions. First, Abernathy filed a document that the Court construes as a second Motion for Recruitment of Counsel. (Doc. 54). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent

1

litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Abernathy's first motion was denied because he had not demonstrated any effort to locate counsel on his own before seeking the Court's assistance. (Doc. 42, p. 5). Although it is not clear from Abernathy's filing, it appears he may have attempted to contact some attorneys to request representation. (Doc. 45, pp. 1, 4). He has not, however, provided any responses declining representation. The Court finds that, while responses to Abernathy's requests are pending, the request for recruitment of counsel is premature. Accordingly, the Motion for Recruitment of Counsel (Doc. 54) is **DENIED** without prejudice.

Abernathy may renew his request for the recruitment of counsel at a later date. If he does renew his request, Abernathy should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own. Additionally, he should advise the Court of any impediments that may affect his ability to litigate this matter *pro se*.

Next, Abernathy filed a Motion for Preliminary Injunction seeking an order directing prison officials to send him to an outside facility or specialist for medical treatment related to his head, knees, and teeth. (Doc. 60). To obtain preliminary injunctive relief, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). If he shows those three factors, the court then balances the harm to each party and to the public interest from granting or denying the injunction.

*Id.* at 662. The Seventh Circuit has described injunctions like the one sought here, requiring an affirmative act, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

Abernathy alleges he is suffering from chronic headaches, body pains, memory loss, and hearing loss. He has not, however, described the medical treatment he has requested or received for those conditions at Pinckneyville. He has not alleged that any defendant has denied him any particular medical treatment. He makes no attempt to address the likelihood of success of his claim on the merits or whether an adequate remedy at law exists. Although he states he is likely to suffer irreparable harm, he does not describe what irreparable harm he may suffer without preliminary injunctive relief. Thus, Abernathy has not shown he is entitled to the relief he requests. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Abernathy also alleges generally that he has been harassed, retaliated against, subjected to unreasonable searches and seizures, and denied access to the law library and to the courts. He asserts these matters "need to be addressed A.S.A.P." as he is likely to suffer irreparable harm without preliminary injunctive relief. But he fails to state any facts in support of these claims, and he does not identify any individuals with regard to the claims. Further, the allegations are not related to his underlying claim against Defendants Myers and Brown for inadequate medical care, and, therefore, the Court has no authority to grant any relief related to those claims. "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison*

*County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

For these reasons, the Motion for Preliminary Injunction (Doc. 60) is **DENIED** without prejudice.

Abernathy is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 3, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**