IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD ABERNATHY,            ) | |
|                               ) | |
|          Plaintiff,        ) | |
|                               ) | |
| vs.                            ) | Case No. 3:19-CV-01062-MAB |
|                               ) | |
| PERCY MYERS, CHRISTINE BROWN,   ) | |
| and KATHRYN ADAMS,          ) | |
|                               ) | |
|       Defendants.      ) | |

## <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 119).

The Federal Rules of Civil Procedure instruct that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). The Court can deny a plaintiff leave to amend the complaint, however, if there is undue delay, bad faith, or dilatory motive, if the plaintiff repeatedly failed to cure deficiencies in the complaint, if the opposing party would suffer undue prejudice, or when the amendment would be futile. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F. 3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F. 3d 788, 796 (7th Cir. 2008)). "The decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

Following a review of Plaintiff's proposed amended complaint pursuant to 28 U.S.C § 1915A, Plaintiff was permitted to proceed on an Eighth Amendment claim of deliberate indifference to a serious medical need against two Defendants, Mr. Percy Myers and Ms. Christine Brown, for failing to test him for dementia and providing him with inadequate treatment for his hearing loss and "bodily pain," which he believes are symptoms of dementia (Doc. 42).

Counsel was then recruited for Plaintiff (Doc. 78) and filed a motion for leave to amend the complaint within the allotted timeframe given by the Court (*see* Doc. 113, giving Plaintiff until 5/18/2020 to file a motion for leave to amend the complaint to include any additional claims or parties). In the proposed second amended complaint, Plaintiff seeks to add an additional Defendant, Kathryn Adams, a doctor and psychiatrist at the Pinckneyville Correctional Center in the Mental Health Department. Plaintiff also restructured his existing Eighth Amendment claim and slightly modified the allegations. In particular, he alleged that he has suffered from unrelenting headaches and memory loss since at least May of 2018, but Defendants have refused to conduct the necessary testing or send him for an outside consultation to determine or confirm the cause and have refused to provide him with medication that effectively alleviates his headaches and memory loss. Based on these allegations, he asserted a claim under the Eighth Amendment for monetary relief (Count 1), and a separate claim under the Eighth Amendment for injunctive relief (Count 2).

Defendants have not filed any objections to Plaintiff's motion. Given that, and the instruction that leave to amend should be freely given when justice so requires, FED. R.

CIV. P. 15(a)(2), the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 119). Plaintiff's counsel is **ORDERED** file the second amended complaint on or before April 30, 2020. Because Plaintiff is proceeding in forma pauperis in this matter, the Court will serve Defendant Kathryn Adams after the Second Amended Complaint is filed.

Defendants shall timely file an appropriate responsive pleading to the Second Amended Complaint and, pursuant to 42 U.S.C. § 1997e(g), shall not waive filing a reply.

In the event that Defendant Kathryn Adams asserts exhaustion as an administrative defense, she is **ORDERED** to file a Motion for Summary Judgment on the Issue of Exhaustion, within sixty (60) days of answering the Second Amended Complaint. **If Defendant Adams decides prior to this date that she will not pursue this affirmative defense, she shall promptly file a motion to withdraw the affirmative defense.**

In light of this Order and the forthcoming Second Amended Complaint, Defendant Percy Myers' motion for summary judgment on the issue of exhaustion (Doc. 124) is **DENIED as MOOT**. The denial is without prejudice to Defendant re-filing the motion on or before the newly-imposed summary judgment deadline.

Discovery on the merits of Plaintiff's claims remains **STAYED as to every Defendant** until the Court resolves the question of whether he has exhausted his administrative remedies (*see* Doc. 110).

**IT IS SO ORDERED.**

**DATED: April 16, 2020**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**